**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| CLAIRE O. O'MALLEY, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| BROWN BROTHERS HARRIMAN & CO., | ) | Civil Action No. 5:19-CV-00010 FB |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
<u>COMPLAINT FOR FAILURE TO STATE A CLAIM</u>**

MORGAN, LEWIS & BOCKIUS LLP
David J. Levy (Texas Bar No. 12264850)
1000 Louisiana, 42d Floor
Houston, TX 77002
(713) 890-5000 Telephone
(713) 890-5001 Facsimile
david.levy@morganlewis.com

Susan F. DiCicco *pro hac vice*
101 Park Avenue
New York, NY 10178
(212) 309-6000 Telephone
(212) 309-6001 Facsimile
susan.dicicco@morganlewis.com

*Attorneys for Defendant Brown Brothers Harriman & Co.*

# <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS ..................................................................................... 2

ARGUMENT ...................................................................................................... 4

    I.      THE APPLICABLE STANDARD ON THIS MOTION TO DISMISS ............... 4

    II.    THE CLAIMS ACCRUED NEARLY 23 YEARS AGO, AND ARE
            BARRED BY THE STATUTE OF LIMITATIONS ........................................... 5

          A.     The Breach of Fiduciary Duty Claim is Time Barred ............................... 5

          B.     The Negligence and Gross Negligence Claims are Time Barred .............. 7

    III.   THE COMPLAINT FAILS TO PLEAD ESSENTIAL
            ELEMENTS OF A CLAIM FOR GROSS NEGLIGENCE ................................. 8

    IV.   THE CLAIMS ARE BARRED BY THE CONTRACTUAL
            EXCULPATORY CLAUSE .......................................................................... 11

CONCLUSION AND PRAYER .............................................................................. 13

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ..................................................................................................4, 11

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ........................................................................................................4

*Bluebonnet Sav. Bank, F.S.B. v. Grayridge Apartment Homes, Inc.*,
907 S.W.2d 904 (Tex. App.— Houston [1st Dist.] 1995, writ denied) .....................9

*Rios v. Ciox Health, LLC*,
No. CV SA-18-CA-538-FB, 2019 WL 2565265 (W.D. Tex. Mar. 22, 2019) ...........5

*City of Clinton, Ark. v. Pilgrim's Pride Corp.*,
632 F.3d 148 (5th Cir. 2010) .......................................................................................4

*Crowder v. Am. Eagle Airlines, Inc.*,
118 F. App'x 833 (5th Cir. 2004) ...............................................................................9

*Dunmore v. Chi. Title Ins. Co.*,
400 S.W.3d 635 (Tex. App.—Dallas 2013) .................................................................7

*Ewing Constr. Co. v. Amerisure Ins. Co.*,
420 S.W.3d 30 (Tex. 2014) ...........................................................................................8

*Fairfield Ins. Co. v. Stephens Martin Paving, LP*,
246 S.W.3d 653 (Tex. 2008) .......................................................................................11

*Gomez Acosta v. Falvey*,
No. 08-16-00295-CV, 2019 WL 2559464 (Tex. App.— El Paso 2019) ....................5

*Goughnour v. Patterson, Tr. of Deborah Patterson Howard Tr.*,
No. 12-17-00234-CV, 2019 WL 1031575 (Tex. App.—Tyler 2019, reh'g
denied) ...........................................................................................................................11

*Hamilton v. Targa Transp. LLC*,
No. CV 4:16-002614, 2017 WL 7803868 (S.D. Tex. Jan. 19, 2017) ....................8, 9

*In Estate of Wren v. Bastinelli*,
No. 06-09-00060-CV, 2010 WL 173828 (Tex. App.--Texarkana 2010) ................10

*IP Petroleum Co. v. Wevanco Energy, L.L.C.*,
116 S.W.3d 888 (Tex. App.—Houston [1st Dist] 2003) ...........................................9

*Jones v. Alcoa, Inc.*,
    339 F.3d 359 (5th Cir. 2003) ...........................................................................5

*Jones v. Bock*,
    549 US 199 (2007)..........................................................................................5

*JP Morgan Chase Bank, N.A. v. McDonald*,
    No. 11 C 6902, 2015 WL 6784238 (N.D. Ill. Nov. 6, 2015) .................................11

*Kohlhausen v. Baxendale*,
    No. 01-15-00901-CV, 2018 WL 1278132 (Tex. App.— Houston [1st Dist.]
    2018) ...........................................................................................................11

*Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*,
    594 F.3d 383 (5th Cir. 2010) ......................................................................4, 5

*M.D.C.G. v. United States*,
    No. 7:15-CV-552, 2016 WL 6638845 (S.D. Tex. Sept. 13, 2016)...........................8

*Murray v. San Jacinto Agency, Inc.*,
    800 S.W.2d 826 (Tex. 1990).............................................................................5

*Quemado v. Exxon Mobile Corp.*,
    No. CIV.A.DR-03-CA-19-OG, 2005 WL 3591912 (W.D. Tex. Mar. 31, 2005) ...................10

*Quintel Corp., N.V. v. Citibank, N.A.*,
    596 F. Supp. 797 (S.D.N.Y. 1984) ...................................................................11

*Reeder v. Wood Cty. Energy, LLC*,
    395 S.W.3d 789 (Tex. 2012)............................................................................11

*Rios v. Partners in Primary Care, P.A.*,
    No. SA-18-CV-00538-FB, 2019 WL 668509 (W.D. Tex. Feb. 15, 2019) ...............4

*Skelton v. Gray*,
    547 S.W.3d 272 (Tex. App.—San Antonio 2018, review granted)...........................7

*Stevenson v. Rochdale Inv. Mgmt., Inc.*,
    No. CIV.A. 3:97CV1544L, 2000 WL 1278479 (N.D. Tex. Sept. 7, 2000)...........................6

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007)........................................................................................5

*Tex. Bank & Tr. Co. v. Zucker*,
    No. 6:18-CV-525-JDK, 2019 WL 1922044 (E.D. Tex. Apr. 8, 2019) .....................9

*Torres v. 2903 Hillcrest Drive, LLC*,
    No. SA:16-CV-175-DAE, 2016 WL 11588632 (W.D. Tex. July 5, 2016) ...............9

iv

**Statutes**

Tex. Civ. Prac. & Rem. Code Ann. § 16.003 ...............................................................7

Tex. Civ. Prac. & Rem. Code Ann. § 16.004 ...............................................................5

Tex. Civ. Prac. & Rem. Code Ann. § 41.001 ...............................................................8

Tex. Prop. Code Ann. § 114.007 ...............................................................11

**Other Authorities**

Federal Rules of Civil Procedure Rule 12(b)(6) ...............................................................1, 4, 5

Defendant Brown Brothers Harriman & Co. ("BBH"), by and through its undersigned counsel, moves to dismiss the Complaint filed by Plaintiff Claire O. O'Malley ("O'Malley") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, because, on its face, the Complaint fails to state a viable cause of action.

## PRELIMINARY STATEMENT

In this action, O'Malley asserts claims against her former investment adviser, BBH, relating to events that occurred almost 25 years ago. In early 1996, O'Malley decided to change investment advisers and hire BBH. She asked her then investment adviser, NationsBank of Texas, N.A. ("NationsBank"), to transfer her assets to BBH. Allegedly one such asset was a Vanguard issued municipal bond fund, that NationsBank had purchased for O'Malley in 1992 for approximately $529,000 (the "1992 Vanguard Fund"). O'Malley admits she knew of the 1992 Vanguard Fund in early 1996, when NationsBank informed her in May 1996 of its arrangements to transfer said asset to BBH. Despite O'Malley's assumption that BBH would manage the 1992 Vanguard Fund, the Complaint alleges that BBH did not have custody of the 1992 Vanguard Fund and did not manage the investment in the 1992 Vanguard Fund. Plaintiff alleges Vanguard sent account statements for the 1992 Vanguard Fund to the wrong address at BBH for at least 7 years (until 2003). O'Malley's assets in the 1992 Vanguard Fund remained fully invested at Vanguard from 1996 through at least 2017.

O'Malley now brings claims for breach of fiduciary duty, negligence and/or gross negligence relating to BBH's failure to custody and manage the 1992 Vanguard Fund. O'Malley's claims should be dismissed because: (a) these claims accrued nearly 23 years ago and are time barred; and (b) O'Malley fails to allege facts to support the required elements of a gross negligence claim; and (c) the exculpatory clause in the agreement between the parties bars

-1-

O'Malley's claims for breach of fiduciary duty and negligence. For the reasons described below, BBH respectfully requests that all claims against it be dismissed with prejudice.

## STATEMENT OF FACTS

BBH is a private bank, which among its businesses, provides investment management services. *See* Compl. at ¶ 9. O'Malley is an individual residing in Texas. *Id.* at ¶ 2. In early 1996, O'Malley entered an investment advisory agreement with BBH to manage certain of her assets. *Id.* at ¶¶ 6-14. A true and correct copy of the investment advisory agreement (the "Agreement") which governed BBH's relationship with O'Malley is attached as Appendix A. BBH began managing a number of O'Malley's pre-existing assets at that time and continued to do so until their relationship ended. *Id.* at ¶ 10. O'Malley's claims relate to one asset which O'Malley claims she believed BBH was managing.

When O'Malley began her relationship with BBH in 1996 it was not the first time she used investment advisors to "facilitate the management objectives of her assets." *Id.* at ¶ 6. She had previously used NationsBank as her investment advisor for 12 years. *Id.* O'Malley requested that NationsBank transfer certain assets to BBH who would provide financial advisory services to O'Malley for those assets. *Id.* at ¶ 9. One of the NationsBank assets was the 1992 Vanguard Fund. NationsBank purchased the shares in the 1992 Vanguard Fund for O'Malley for $529,478.50 and held it in NationsBank's custodial account on O'Malley's behalf. *Id.* at ¶ 8.

After O'Malley requested NationsBank to transfer her assets to BBH, NationsBank began the process of transferring those assets. *Id.* at ¶¶ 9, 12. In a letter dated May 16, 1996, NationsBank allegedly represented to O'Malley, copying BBH, that it transferred the assets it held on O'Malley's behalf, including the 1992 Vanguard Fund, to BBH. *Id.* at ¶ 13. Thus, O'Malley clearly knew from NationsBank that the 1992 Vanguard Fund existed and the value of those shares in March 1996. Based on this letter and her unidentified discussions with BBH,

-2-

"O'Malley assumed that NationsBank had transferred the 1992 Vanguard Fund to BBH." *Id.* at ¶ 14. O'Malley does not allege that BBH ever represented to her that it took custody of the 1992 Vanguard Fund or that it was in fact managing it.

Beginning in 1996 and throughout the course of BBH's relationship with O'Malley, BBH managed the other assets that were successfully transferred to BBH's custody on O'Malley's behalf. *Id.* at ¶ 16. The Complaint alleges that Vanguard mailed statements relating to the 1992 Vanguard Fund to the wrong address for BBH for at least 7 years. *Id.* O'Malley alleges that Vanguard corrected BBH's address as of October 11, 2003 and began sending Vanguard account statements for the 1992 Vanguard Fund to BBH. *Id.*

O'Malley's capital in the 1992 Vanguard Fund, which NationsBank initially purchased for $529,478.50 (*id.* at ¶ 8), remained fully invested at Vanguard even after O'Malley's relationship with BBH ended. *Id.* at ¶ 19. In September 2017, O'Malley received two proxy statements on behalf of Vanguard relating to the 1992 Vanguard Fund. *Id.* O'Malley alleges that she first became aware of the 1992 Vanguard Fund's existence when she received these proxy statements. *Id.* This allegation is plainly contradicted by O'Malley's allegations that she knew of the 1992 Vanguard Fund by the correspondence she received in early 1996 from NationsBank. *Id.* at ¶¶ 12-13.

On January 4, 2019, O'Malley filed the Complaint, asserting claims for breach of fiduciary duty, negligence, and gross negligence against BBH in relation to the 1992 Vanguard Fund that O'Malley assumed was transferred to BBH in 1996 some 23 years earlier. Even though the 1992 Vanguard Fund has remained fully invested at Vanguard since 1992, O'Malley claims the 1992 Vanguard Fund sat unmanaged and neglected. *Id.* at ¶ 17. She seeks damages "equal to the loss of full and optimized investment value" of the funds in that account as "lost

profits." *Id.* at ¶ 23. Essentially, she alleges she was damaged because she now, in hindsight, wishes the assets in the 1992 Vanguard Fund had been liquidated and reinvested in some unspecified, but presumably more aggressive investment during the period BBH was managing her other assets. *Id.* at ¶ 22-23.

## ARGUMENT

## I.      THE APPLICABLE STANDARD ON THIS MOTION TO DISMISS

Dismissal is appropriate when a complaint fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). A complaint must be dismissed under Rule 12(b)(6) if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Plaintiff "must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152-53 (5th Cir. 2010). "[A] Court need not credit conclusory allegations or allegations that merely restate the legal elements of a claim." *Rios v. Partners in Primary Care, P.A.*, No. SA-18-CV-00538-FB, 2019 WL 668509, at *3 (W.D. Tex. Feb. 15, 2019), *report and recommendation adopted by Rios v. Ciox Health, LLC*, No. CV SA-18-CA-538-FB, 2019 WL 2565265 (W.D. Tex. Mar. 22, 2019)(citing *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678)).

"The court's review [of a Rule 12(b)(6) motion] is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## II.    THE CLAIMS ACCRUED NEARLY 23 YEARS AGO.
##         AND ARE BARRED BY THE STATUTE OF LIMITATIONS

The court should grant a motion to dismiss under Rule 12(b)(6) based on a statute of limitations defense when it is evident from the face of the complaint that the action is barred and that no basis for tolling exists.  *See Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003); *see also Jones v. Bock*, 549 US 199, 215 (2007) (same).  It is well understood that statutes of limitation serve a salutary purpose in that they

> afford plaintiffs what the legislature deems a reasonable time to present their claims and protect defendants and the courts from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents or otherwise.

*Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex. 1990).  As set forth below, the Complaint here makes plain that the claims accrued *nearly 23 years ago* and are undoubtedly time barred.  Moreover, the Complaint does not plead any basis for tolling that can revive O'Malley's stale claims.

### A.    The Breach of Fiduciary Duty Claim is Time Barred

Under Texas law, a claim for breach of fiduciary duty is subject to a four-year statute of limitations.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.004(5).  A claim for breach of fiduciary duty accrues '"when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred.'" *Gomez Acosta v. Falvey*, No. 08-16-00295-CV, 2019 WL 2559464, at *4 (Tex. App.— El Paso 2019)(citing *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996)).

O'Malley alleges that BBH breached its fiduciary duty "by not properly custodying and managing the 1992 Vanguard Fund or alternatively for not sending O'Malley the 1992 Fund

statements and advising her that it was not managing or handling that investment." Compl. at ¶ 20.

O'Malley retained BBH as her investment adviser in early 1996, and that is when she alleges that NationsBank informed her that it had arranged delivery of the 1992 Vanguard Fund to BBH. *Id.* at ¶¶ 12-13. If, as Plaintiff alleges, BBH failed to properly custody the 1992 Vanguard Fund and account for transactions involving the transfer of assets from the NationsBank Custodial account (*id.* ¶ 22), that conduct occurred in 1996, when BBH took custody of O'Malley's other assets (*id.* at ¶ 16), but not the 1992 Vanguard Fund. Alternatively, if, as Plaintiff alleges, BBH failed to advise O'Malley that BBH was not managing or handling the 1992 Vanguard Fund, that conduct also occurred in 1996. Compl. at ¶ 13 (alleging BBH received notice in May 1996 that NationsBank had reported that it had transferred the 1992 Vanguard Fund to BBH). Thus, O'Malley's claim for breach of fiduciary duty accrued nearly 23 years ago – well beyond the four-year statute of limitations.

Similarly, if, as Plaintiff alleges, BBH failed to forward O'Malley account statements from Vanguard, that conduct first occurred as of October 11, 2003 when O'Malley alleges Vanguard began sending account statements to BBH's correct address. Compl. at ¶ 16. Any such claim expired more than a decade ago.

Based on the face of the Complaint, O'Malley's claim for breach of fiduciary duty relating to the 1992 Vanguard Fund is barred by the applicable four-year statute of limitations.[1] This claim should be dismissed.

---

[1] The Complaint alleges that BBH's relationship with O'Malley had ended (but conveniently omits the end date). Compl. ¶ 16. As a matter of law, no breach of fiduciary duty claim could have begun to accrue once BBH ceased acting as O'Malley's investment adviser because without a duty, there can be no breach of a fiduciary duty. *Stevenson v. Rochdale Inv. Mgmt., Inc.*, No. CIV.A. 3:97CV1544L, 2000 WL 1278479, at *3 (N.D. Tex. Sept. 7, 2000)("A fiduciary

**B.    The Negligence and Gross Negligence Claims Are Time Barred**

For the same reasons that O'Malley's claims for breach of fiduciary duty are time barred, her claims for negligence and gross negligence are also time barred.  The statute of limitations for negligence and gross negligence is two years. Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a).  Under Texas law, the cause of action for negligence and gross negligence begins to accrue on the date the negligent injury-producing act is committed.  *Dunmore v. Chi. Title Ins. Co.*, 400 S.W.3d 635, 640 (Tex. App.—Dallas 2013).

O'Malley alleges that BBH was "negligent and/or grossly negligent in the performance of its obligations as an investment manager" and bases her claims on the same allegations as her fiduciary duty claim.  Compl. at ¶ 25.

As noted above, if BBH failed to properly custody the 1992 Vanguard Fund and account for transactions involving the transfer of assets from the NationsBank Custodial account (¶ 22), that injury-producing act occurred in 1996, when BBH custodied O'Malley's other assets (*id.* at ¶ 16), but did not custody the 1992 Vanguard Fund.  If BBH failed to advise O'Malley that BBH was not managing or handling the 1992 Vanguard Fund, that conduct also occurred in 1996.  *Id.* at ¶ 13 (alleging BBH received notice in May 1996 that NationsBank had reported that it had transferred the 1992 Vanguard Fund to BBH).  Thus, O'Malley's claim for negligence accrued nearly 23 years ago – well beyond the two-year statute of limitations.

Similarly, if BBH failed to forward O'Malley account statements from Vanguard, that conduct first occurred as of October 11, 2003 when O'Malley alleges Vanguard began sending

---

relationship exists when the parties are under a duty to act for or give advice for the benefit of another upon matters within the scope of the relation."); *Skelton v. Gray*, 547 S.W.3d 272 (Tex. App.—San Antonio 2018, review granted)( mcause of action for breach of fiduciary duty accrued, and four-year limitations period began to run, when attorney's representation of client ended.).

account statements to BBH's correct address.  Compl. at ¶ 16.  Any such claim expired more

than a decade ago.[2]

    O'Malley's claim for negligence and/or gross negligence is barred by the statute of

limitations and have been for many years.  These negligence-based claims should be dismissed

with prejudice.

### III.   THE COMPLAINT FAILS TO PLEAD ESSENTIAL ELEMENTS OF A CLAIM FOR GROSS NEGLIGENCE

    To properly plead a common law negligence claim, a plaintiff must allege three elements:

"(1) the existence of a legal duty; (2) a breach of that duty; and (3) damages proximately caused

by the breach."  *M.D.C.G. v. United States*, No. 7:15-CV-552, 2016 WL 6638845, at *12 (S.D.

Tex. Sept. 13, 2016).  "Negligence means the failure to use ordinary care, that is, failing to do

that which a reasonable person or provider of the defendant's type would have done under the

same or similar circumstances."  *Ewing Constr. Co. v. Amerisure Ins. Co.*, 420 S.W.3d 30, 37

(Tex. 2014).

    Gross negligence includes two additional elements: "(1) when viewed objectively from

the defendant's standpoint at the time of its occurrence, involves an extreme degree of risk,

considering the probability and magnitude of the potential harm to others and (2) of which the

defendant has actual, subjective awareness of the risk involved, but nevertheless proceeds with

conscious indifference to the rights, safety, or welfare of others."  *Hamilton v. Targa Transp.*

*LLC,* No. CV 4:16-002614, 2017 WL 7803868, at *3 (S.D. Tex. Jan. 19, 2017); Tex. Civ. Prac.

& Rem. Code Ann. § 41.001(11).

---

[2] Like breach of fiduciary duty, a claim of negligence and gross negligence requires a duty, which in this circumstance emanates from the investment advisor relationship.  At the very latest, these claims could not have begun to accrue once the relationship ended because BBH no longer owed O'Malley a duty.

"The first element, 'extreme risk,' does not include remote possibilities of injury or even high probabilities of minor harm; rather, a real likelihood of serious injury to the plaintiff is required." *Crowder v. Am. Eagle Airlines, Inc.*, 118 F. App'x 833, 840 (5th Cir. 2004). "The magnitude of the risk is judged from the viewpoint of the defendant at the time the events occurred." *Bluebonnet Sav. Bank, F.S.B. v. Grayridge Apartment Homes, Inc.*, 907 S.W.2d 904, 911 (Tex. App.— Houston [1st Dist.] 1995, writ denied). Many courts have described the serious injury under the objective component as one resulting in "death, grievous physical injury, or financial ruin." *Tex. Bank & Tr. Co. v. Zucker*, No. 6:18-CV-525-JDK, 2019 WL 1922044, at *8 (E.D. Tex. Apr. 8, 2019) (quoting *IP Petroleum Co. v. Wevanco Energy*, L.L.C., 116 S.W.3d 888, 897 (Tex. App.—Houston [1st Dist] 2003)). "The harm anticipated must be extraordinary harm, not the type of harm ordinarily associated with breaches of contract or even with bad faith denials of contract rights." *IP Petroleum Co.*, 116 S.W.3d at 897.

The subjective prong, in turn, requires that the actor "have actual, subjective awareness of the risk involved and choose to proceed in conscious indifference to the rights, safety, or welfare of others." *Torres v. 2903 Hillcrest Drive, LLC*, No. SA:16-CV-175-DAE, 2016 WL 11588632, at *6 (W.D. Tex. July 5, 2016).

O'Malley alleges that BBH was "grossly negligent in the performance of its obligations as investment manager." Compl. at ¶ 25. This bald conclusion of law is not sufficient to plead a claim of gross negligence. *Hamilton,* 2017 WL 7803868, at *1 (citing *Iqbal*, 556 U.S. at 678). The Complaint here does not allege any facts that could satisfy either of the two required elements for gross negligence. With respect to the objective element, O'Malley does not allege any facts suggesting the conduct involving the 1992 Vanguard Fund involved an extreme degree of risk, particularly where the Complaint reflects that the 1992 Vanguard Fund remained

invested from 1992 through at least 2017.  Compl. at ¶ 19.  O'Malley's assets were not lost or mismanaged, they simply remained in the Vanguard fund that her prior adviser had selected for her.  The Complaint does not allege (nor could it) that an ongoing investment in the 1992 Vanguard Fund would entail an extreme risk of loss to O'Malley or that the 1992 Vanguard Fund lost any value during the more than 20 years it was invested at Vanguard.  Indeed, the Complaint is devoid of sufficient facts that the alleged failure of BBH to manage this one asset in any way rises to the level of extreme risk of "financial ruin" or "serious injury" that a claim of gross negligence requires.[3]  *See, e.g., In Estate of Wren v. Bastinelli*, No. 06-09-00060-CV, 2010 WL 173828, at *5 (Tex. App.--Texarkana 2010)(explaining that gross negligence cannot be found without likelihood of serious injury to the plaintiff).

As to the subjective prong, O'Malley must plead facts that BBH had "actual, subjective awareness of the risk involved, but nevertheless proceeded in conscious indifference to the rights, safety, or welfare of others."  *Quemado v. Exxon Mobile Corp*., No. CIV.A.DR-03-CA-19-OG, 2005 WL 3591912, at *4 (W.D. Tex. Mar. 31, 2005).  The Complaint is devoid of any allegations that BBH was aware of some extreme risk or that it proceeded in conscious indifference to O'Malley's welfare.  O'Malley merely alleges that BBH was put "on notice of a significant asset O'Malley believed BBH was managing."  Compl. at ¶ 16.  The Complaint lacks sufficient facts to set forth a plausible claim for gross negligence under the applicable standard set forth in *Iqbal*.  556 U.S. at 678.  O'Malley's claim for gross negligence should be dismissed.

---

[3]  The Complaint conveniently fails to state whether the 1992 Vanguard Fund was worth more in 2017 (or today) than at the time of O'Malley's purchase.  Nor does it give an overall picture of her wealth.  So here, O'Malley may be asking the Court to equate "financial ruin" with earning less on an asset than O'Malley speculates she would have earned otherwise where the asset may be only a modest piece of her overall wealth.  The case law does not support this definition of financial ruin.

## IV.   THE CLAIMS ARE BARRED BY
##        THE CONTRACTUAL EXCULPATORY CLAUSE

Central to O'Malley's claims is the investment advisory relationship she had with BBH, which was established in 1996 pursuant to the Agreement. Appendix A. The Agreement between O'Malley and BBH includes the following exculpation clause:

> (b) in the absence of willful misconduct and gross negligence, you and each of your employees, partners and agents shall be and are hereby indemnified and saved harmless from any, loss, damage or expense of any kind relating to or arising out of this agreement or any transaction contemplated hereby.

*Id.*

Texas courts have long upheld exculpatory clauses. *See e.g*., *Goughnour v. Patterson, Tr. of Deborah Patterson Howard Tr.*, No. 12-17-00234-CV, 2019 WL 1031575, at *6 (Tex. App.—Tyler 2019, reh'g denied); *Reeder v. Wood Cty. Energy, LLC*, 395 S.W.3d 789, 794 (Tex. 2012), *opinion supplemented on reh'g* (Mar. 29, 2013)(Joint Operating Agreement); *Kohlhausen v. Baxendale*, No. 01-15-00901-CV, 2018 WL 1278132, at *4 (Tex. App.— Houston [1st Dist.] 2018). Exculpatory clauses are standard in a variety of contexts throughout the United States. *See e.g*., *JP Morgan Chase Bank, N.A. v. McDonald*, No. 11 C 6902, 2015 WL 6784238, at *4 (N.D. Ill. Nov. 6, 2015) (investment advisor); *Quintel Corp., N.V. v. Citibank, N.A*., 596 F. Supp. 797 (S.D.N.Y. 1984)(real estate acquisition). Permitting competent and reasonably knowledgeable parties to agree to limit fiduciary liability through contract serves an important public policy—ensuring the right to contract.[4] Yet, the right to contract for limitation on liability is not absolute. For example, Tex. Prop. Code Ann. § 114.007 permits trustees and beneficiaries to agree to limit liability for all except "breach of a trust committed in bad faith, intentionally, or

---

[4] *Fairfield Ins. Co. v. Stephens Martin Paving, LP*, 246 S.W.3d 653, 664 (Tex. 2008) ("This Court has long recognized Texas' strong public policy in favor of preserving the freedom of contract.").

with reckless indifference to the interest of the beneficiary." The Agreement between O'Malley and BBH has a similar exception.

Under the Agreement, O'Malley holds BBH harmless from any losses or damages arising from the investment adviser relationship or any transaction contemplated thereunder, unless BBH engages in willful misconduct and gross negligence.

O'Malley does not allege that BBH acted willfully. And, as discussed above, the Complaint uses the words "gross negligence" in conclusory form, but does not allege any facts that could reasonably be interpreted to meet the two required elements of gross negligence. O'Malley's claims for breach of fiduciary duty and negligence are expressly precluded by the terms of the Agreement. These claims must be dismissed.

## CONCLUSION AND PRAYER

For the foregoing reasons, Defendant Brown Brothers Harriman & Co. respectfully

requests that this Court dismiss Plaintiff's Complaint in its entirety with prejudice to refile, and

for all other just relief.

Dated: August 2, 2019

Respectfully submitted,


MORGAN, LEWIS & BOCKIUS LLP


By: /s/ Susan F. DiCicco
    Susan F. DiCicco


David J. Levy (Texas Bar No. 12264850)
1000 Louisiana, 42d Floor
Houston, TX  77002
(713) 890-5000 Telephone
(713) 890-5001 Facsimile
david.levy@morganlewis.com

Susan F. DiCicco *pro hac vice*
101 Park Avenue
New York, NY 10178
(212) 309-6000 Telephone
(212) 309-6001 Facsimile
susan.dicicco@morganlewis.com

*Attorneys for Defendant Brown Brothers Harriman & Co.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing was electronically filed with the

Court this August 2, 2019, which will send a notice of electronic filing to the following counsel

of record:

James W. Carter , IV
Kennedy Sutherland, LLP
112 East Pecan
Suite 2810
San Antonio, TX 78205
2102289500
Fax: 2102280781
Email: jcarter@kslawllp.com

/s/ Susan F. DiCicco
Susan F. DiCicco

-14-

# Appendix A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

|  |  |  |
|---|---|---|
| CLAIRE O. O'MALLEY, | ) | |
| Plaintiff, | ) | Civil Action No. 5:19-CV-00010 FB |
| v. | ) | |
| BROWN BROTHERS HARRIMAN & CO., | ) | **AFFIRMATION OF SUSAN F. DICICCO IN SUPPORT OF BROWN BROTHERS HARRIMAN & CO.'S MOTION TO DISMISS** |
| Defendant. | ) | |

SUSAN F. DICICCO, an attorney admitted pro hac vice to practice before this Court, hereby states under penalty of perjury:

1.      I am a partner with the law firm of Morgan, Lewis & Bockius LLP, attorneys for Defendant Brown Brothers Harriman & Co. ("BBH").  I base this affirmation upon personal knowledge and my review of the file maintained by my Firm in this action.  I submit this affirmation in support of BBH's motion to dismiss Plaintiff's Complaint, to put before the Court certain documents that may be considered in connection therewith.

2.      Attached hereto is a true and correct copy of the investment advisory agreement between Claire O. O'Malley and BBH.

Dated: August 2, 2019

                                            /s/ Susan F. DiCicco
                                            Susan F. DiCicco

BROWN BROTHERS HARRIMAN & CO.
59 Wall Street
New York, New York 10005

Dear Sirs:

The undersigned holds a segregated portfolio consisting of cash and securities, the contents of which have been disclosed to you. Such portfolio, as it may change from time to time pursuant to the terms of this agreement, is hereinafter referred to as the "Portfolio." The undersigned hereby subscribes to your Investment Advisory Service with respect to the Portfolio, subject to the provisions on the reverse of this letter, and hereby appoints you its agent to exercise the powers that are reasonably incidental thereto. In consideration for this service, the undersigned agrees that:

   a)  you shall not be liable for any damage in or to the Portfolio while you are acting in good faith;

   b)  in the absence of willful misconduct or gross negligence, you and each of your employees, partners and agents shall be and are hereby indemnified and saved harmless from any loss, damage or expense of any kind relating to or arising out of this agreement or any transaction contemplated hereby;

   c)  the powers, covenants and agreements contained herein shall extend in favor of any of your successors; and

   d)  if the undersigned is an individual, the powers conferred upon you shall not be affected by the subsequent disability or incompetence of the undersigned.

It is understood that this service is confidential and for the sole use of the undersigned.

The fee for this service will be based on the market value of securities and cash in the Portfolio on the date of the appraisal of the account and will initially be computed at the following rates:

   0.35% per annum

   Applies to all Claire O. O'Malley family accounts.

   No fee to be applied to Coca-Cola, Exxon, Hershey Foods & Pepsico held by Claire O'Malley.

   Fees may be adjusted by you from time to time upon notice to the undersigned.

Fees will be payable quarterly in advance and the XXXXXX minimum quarterly fee will be combined O'Malley family $ 3,000.00 (or such other amount as you may specify from time to time upon notice to the undersigned). All mutual funds for which BBH&Co. serves as advisor will be excluded for fee calculation purposes.

This letter, the provisions on the reverse hereof and any guidelines received in writing from the undersigned embody the entire agreement between the parties.

Account(s)

CLAIRE O. O'MALLEY    #6456651
Accepted & Agreed

_Brown Brothers Harriman & Co._

Very truly yours,

_Claire O. O'Malley_
CLAIRE O. O'MALLEY

Date  1/10/95

99-029-001